# CSM Legal, P.C.
Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

March 17, 2022

**VIA ECF**
Hon. Lorna G. Schofield
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>Mejia et al v. Connies Deli Food Inc. et al</u>;
Case No. 21-cv-08182-LGS

Your Honor:

This office represents Plaintiff in the above referenced matter. Plaintiff writes jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House</u>, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq*., and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiff contends that she was an employee of Defendants at their deli, "Connie's Deli." Plaintiff alleges Defendants maintained a policy and practice of requiring Plaintiff (and upon information and belief, other employees) to work in excess of forty hours per week without paying her the minimum wage and overtime compensation required by federal and state laws. Specifically, Plaintiff alleges that throughout his employment she was paid an hourly rate that failed to appropriately compensate her for her regular and overtime hours.

Defendants categorically deny the allegations in the complaint.

2. **Settlement Terms**

Plaintiff alleges Defendants are liable for damages of $55,833.27 (including unpaid wages of $20,924.60 and other related damages, but excluding attorneys' fees). The parties have agreed to settle this action for the total sum of $12,000. The settlement shall be paid in eleven installments.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Defendants contested the hours that Plaintiff claimed he worked. Defendants also produced employment records, contradicting Plaintiff's claims. While Plaintiff disputed the accuracy of the records, she recognized that the information in the records posed a serious threat to her recovery at trial.

In addition, Defendants indicated that they were financially strained due to the current pandemic. Plaintiff recognized this and acknowledged Defendants run a small deli and their funds are limited. This information contributed to Plaintiff's decision to settle because she understood that even if he were to obtain a judgment, collecting it would be difficult.

Considering the risks in this case outlined above, Plaintiff believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $4,000 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation plus costs.

Plaintiff's counsel's lodestar in this case is $5,640.00. A copy of Plaintiff's billing record is attached as "Exhibit B." Plaintiff's counsel is asking for less than their lodestar; the amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts

Page 3

in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing Plaintiff in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

     i.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

     ii.    Jesse Barton is a Senior Associate at CSM Legal, P.C., (formerly Michael Faillace & Associates, P.C.), and is billed at the rate of $350 per hour. He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law, with a focus on ERISA litigation. He joined the firm of Michael Faillace & Associates, P.C in January 2015.

     iii.    Work performed by paralegals is indicated by the initials "PL" and billed at the rate of $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf, and order is entered to that effect.

{00036049 - 1}

Page 4

                                                  Respectfully submitted,

                                                  /s/ Jesse Barton
                                                  Jesse Barton
                                                  CSM LEGAL, P.C.
                                                  Attorneys for the Plaintiff

Enclosures

{00036049 - 1}