UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRIS JANETH MEJIA, individually and on behalf of others similarly situated,

        Plaintiff,

  -against-

CONNIE'S DELI FOOD INC. (D/B/A CONNIE'S DELI), et al.,

        Defendants.



21-CV-8182 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed the parties' joint letter-motion dated March 17, 2022 (Joint Ltr.) (Dkt. No. 35), seeking approval of their fully-executed Settlement Agreement (Ag.) (Dkt. No. 35-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants collectively to pay $12,000, in 11 installments, to plaintiff Iris Janeth Mejia to settle her claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). Ag. § 1; Joint Ltr. at 2. Of that sum, plaintiff's counsel will receive $4,000 to cover attorneys' fees and expenses, leaving $8,000 for plaintiff herself. Each installment payment will be allocated between counsel and plaintiff at the ratio of one-third to two-thirds, Ag. §§ 1(a)-(k), and payment will be secured by confessions of judgment executed by both defendants. *Id.* § 1(m).

    The material terms of the settlement were arrived at after arm's-length bargaining between the parties' experienced employment and labor counsel, *see* Joint Ltr. at 1, in advance of a mediation scheduled for February 4, 2022, which proved unnecessary. (Dkt. No. 31.) The parties thereafter consented to my jurisdiction for all purposes. (Dkt. No. 37.)

    The Court finds the financial terms of the Agreement fair and reasonable. The gross settlement payment is lower than plaintiff's claimed maximum recovery, which her counsel estimates to be as much as $55,833.27 ("including unpaid wages of $20,924.60 and other related damages"). Joint Ltr. at 2. However, plaintiff faces a number of litigation risks that could have prevented her from recovering anything close to that sum. The parties sharply contest the actual hours that plaintiff worked and defendants have produced employment records "contradicting Plaintiff's claims." *Id.* Additionally, because defendants operate a small business impacted by COVID, plaintiff acknowledges that she would face difficulties collecting a larger judgment. *Id.* Under these circumstances, the settlement amount is fair and reasonable.

    The non-economic terms of the settlement are also fair. The Agreement contains a limited release, under which plaintiff will release defendants "from . . . wage and hour allegations which putatively arose during the time frame that was the subject of the Litigation." Ag. § 2. There is no rehiring prohibition and no confidentiality clause or other restriction on plaintiff's ability to discuss her employment with defendants, this action, or the terms of the settlement.

      The proposed award for attorneys' fees and costs amounts to one-third of the gross settlement payment, which is lower than counsel's stated lodestar of $5,640. *See* Joint Ltr. at 2 & Ex. 2 (attorney time records). Given the degree of success obtained by counsel in this action, the award is not excessive.

      Having carefully reviewed the financial and non-financial terms of the Agreement, the Court finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the parties' joint letter-motion is **GRANTED** and the proposed settlement is **APPROVED**. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs. The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York  
       May 17, 2022

**SO ORDERED**.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**